IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY DEAN PRESTEL,           )<br>                                                       )<br>                          Plaintiff,        )<br>                                                       )<br>v.                                                    )          No. CIV 23-098-RAW-JAR<br>                                                       )<br>STATE OF OKLAHOMA, et al,    )<br>                                                       )<br>                          Defendants.   ) | |

## OPINION AND ORDER

Plaintiff Anthony Dean Prestel is a pro se federal prisoner who is incarcerated at the Federal Correctional Institution in Seagoville, Texas. On March 8, 2023, he filed in the U.S. District Court for the Northern District of Texas this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations while incarcerated at the McIntosh Country Jail in Eufala, Oklahoma. (Dkt. 3). Plaintiff does not allege any specific allegations against the individual defendants, instead presenting only generalized statements and conclusions. The Northern District of Texas transferred the case to this Court on March 15, 2023. (Dkt. 6).

Petitioner has named fourteen (14) defendants, all of whom he claims to be suing in their individual and professional capacity. (Dkt. 3 at 1). The defendants in this matter are: (1) the State of Oklahoma; (2) McIntosh County, Oklahoma; (3) Kevin Ledbetter, McIntosh County Sheriff; (4) Deputy Monica Smith, McIntosh County Jail Administrator; (5) Tonya French, McIntosh County Jail Investigative Officer; (6) William Rose of Eufala City, Oklahoma; (7) Doug Rittenhouse, McIntosh County Assistant District Attorney; (8) Greg Stidham, McIntosh County Assistant District Attorney; (9) Carol Iski, McIntosh County District Attorney; (10) Correctional Corporation of America; (11) NFN Smalldeer, Warden of Northfork Correctional Facility; (12) NFN Pettigrew; Warden at Joseph Harp Correctional

Center; (13) GEO Corporation; and (14) NFN Rios, Warden. *Id.*

Plaintiff alleges he has suffered violations of his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. He does not, however, allege facts about the various alleged violations. After review of the complaint, the Court finds it is insufficient, and Plaintiff must file an amended civil rights complaint on the Court's form, as set forth below.

**I.   Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint also must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id.* at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id.* at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214,

1217-18 (10th Cir. 2007). *See also Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (holding that § 1915A dismissals are reviewed under the Fed. R. Civ. P. 12(b)(6) standard for stating a claim for relief).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**II.   Dismissed Defendants**

The following named defendants must be dismissed from this action:

**A.   Defendant State of Oklahoma**

Plaintiff has named the State of Oklahoma as a defendant. The State of Oklahoma, however, is immune from suit under the Eleventh Amendment. The Eleventh Amendment

protects states from damages suits unless Congress has abrogated sovereign immunity or the state has waived it. *See Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). Oklahoma has not consented to be sued in federal court, *see* Okla. Stat. tit. 51, § 152.1, and § 1983 does not abrogate states' sovereign immunity, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). The DOC is shielded by sovereign immunity, because it is an arm of the state. *See Eastwood v. Dep't of Corr.*, 846 F.2d 627, 631-32 (10th Cir. 1988). Because the Eleventh Amendment involves sovereign immunity, the official-capacity claims are dismissed "without prejudice" rather than "with prejudice." *Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan County, Okla. v. Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011). Therefore, the State of Oklahoma is dismissed without prejudice from this action, based on Eleventh Amendment immunity.

### B.     McIntosh County District Attorney's Office

Plaintiff also has named as defendants Doug Rittenhouse, Greg Stidham, and Carol Iski, all prosecutors in the McIntosh County District Attorney's Office. A prosecutor, however, possesses prosecutorial immunity from § 1983 lawsuits for damages which are predicated on his performance of functions "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993). Therefore, Defendants Doug Rittenhouse, Greg Stidham, and Carol Iski also are dismissed from this action.

### III.    Amended Complaint

Within twenty-one (21) days of the entry of this Order, Plaintiff must file an amended complaint on this Court's form. The amended complaint must set forth the full name of each person he is suing under 42 U.S.C. § 1983. The names in the caption of the amended complaint must be identical to those contained in the body of the amended complaint,

pursuant to Fed. R. Civ. P. 10(a). Plaintiff also is responsible for providing sufficient information for service of process. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (plaintiff proceeding *in forma pauperis* and pro se had responsibility to provide correct names and proper addresses for service of process).

The amended complaint must include a short and plain statement of when and how each named defendant violated Plaintiff's constitutional rights and showing Plaintiff is entitled to relief from each named defendant. *See* Fed. R. Civ. P. 8(a). Plaintiff also shall identify a specific constitutional basis for each claim. *See id*. He is admonished that simply alleging that a defendant is an employee or supervisor of a state agency is inadequate to state a claim. Plaintiff must go further and state how the named defendant's personal participation violated his constitutional rights. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by the plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted). The Court only will consider claims "based upon the violation of a plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

The Tenth Circuit has explained that when a § 1983 plaintiff includes a "government agency and a number of government actors sued in their individual capacities," then "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original). When a plaintiff instead uses "either the collective term 'Defendants' or a list of defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible

5

for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." *Id*. at 1250 (citation omitted).

An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990). *See also* Local Civil Rule 9.2(c). The amended complaint must include all claims and supporting material to be considered by the Court. *See* Local Civil Rule 9.2(c). It must be complete in itself, including exhibits, and may not reference or attempt to incorporate material from the original complaint or exhibits. *Id*. It also may not include defendants or claims that are dismissed by this Order. Pursuant to Local Civil Rule 5.2(a), the amended complaint must be clearly legible, only one side of the paper may be used, and additional sheets of paper shall have margins of no less than one (1) inch on the top, bottom, and sides. The Court Clerk is directed to send Plaintiff a form for filing an amended complaint.

**ACCORDINGLY,**

1. Defendant State of Oklahoma is dismissed without prejudice from this action.
2. Defendants Doug Rittenhouse, Greg Stidham, and Carol Iski are dismissed with prejudice from this action
3. Plaintiff is directed to file within twenty-one (21) days an amended complaint on the Court's form as directed in this Order.
4. The Court Clerk is directed to send Plaintiff a form for filing an amended civil rights complaint in this Court.
5. Failure to comply with this Order will result in dismissal of this action without further notice.

**IT IS SO ORDERED** this 24th day of April 2023.

*Ronald A. White*
_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA